UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN ALONSO IZAGUIRRE,

    Petitioner,

v.                            Case No.: 2:26-cv-00142-SPC-NPM

MATHEW MORDANT *et al.*,

    Respondents,
_____/

## OPINION AND ORDER

Before the Court are Juan Alonso Izaguirre's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Alonso Izaguirre's reply (Doc. 8). For the below reasons, the Court grants the petition.

Alonso Izaguirre is a native and citizen of Honduras who entered the United States without inspection in 2004. He left the country and re-entered without inspection in 2018. Alonso Izaguirre has four U.S. citizen children, no criminal record other than traffic violations, and a pending application for a U Visa. Immigration and Customs Enforcement ("ICE") apprehended Alonso Izaguirre on January 3, 2026. He is currently detained at the facility known as Alligator Alcatraz without the opportunity to seek release on bond. The government has not commenced removal proceedings against him.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA")

applies to Alonso Izaguirre. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Alonso Izaguirre asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents filed an abbreviated response objecting to habeas relief but acknowledging this case is not materially distinct from *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025). In that case, the Court explained it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9) and exhaustion is excused because it would be futile. And like the petitioner in that case, Alonso Izaguirre's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Alonso Izaguirre has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Alonso Izaguirre before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review is the agency that schedules bond hearings. To be clear, subjecting Alonso Izaguirre to mandatory detention under § 1225(b)(2) is

unlawful. If the respondents are unable to ensure Alonso Izaguirre receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Juan Alonso Izaguirre's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1)   Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Alonso Izaguirre for an individualized bond hearing before an immigration judge or (2) release Alonso Izaguirre under reasonable conditions of supervision. If the respondents release Alonso Izaguirre, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 10, 2026.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1